## SKLIRIS v. MELIS.

No. 3109. Decided January 30, 1918. (170 Pac. 968.)

1. TRIAL—FINDINGS OF FACT—SUFFICIENCY. Where findings of fact as to the validity of an assignment of a chose in action in favor of one party are a complete negative of the truth of the matter in the pleadings of the other, failure to find specifically upon matter negatived is not error.[1] (Page 395.)

2. APPEAL AND ERROR—CONCLUSIONS OF LAW—FAILURE TO MAKE. Although failure of court to make the conclusion of law that plaintiff was not entitled to the money in controversy was error, where the record shows such was in no way prejudicial, the case will not be reversed. (Page 395.)

Appeal from District Court of Salt Lake County, Third District; *Hon. P. C. Evans,* Judge.

Action by L. G. Skliris against Nick Melis and the Panhellenic Grocery Company, garnishee.

---

[1] Citing *Snelgrove* v. *Earl,* 17 Utah 321, 53 Pac. 1017.

Judgment for plaintiff, and judgment releasing garnishee. Plaintiff appeals.

AFFIRMED.

*Allen T. Sanford* and *Geo. N. Lawrence* for appellant.

*H. L. Mulliner* for respondent.

McCARTY, J.

The questions presented by this appeal relate to the alleged failure of the trial court to make findings of fact on all of the issues submitted to it, and its failure to make and enter conclusions of law.

The following statement of the case, taken from the brief of counsel for appellant, substantially reflects the issues and facts submitted to the court for decision, namely:

"In this action the plaintiff recovered judgment against Nick Melis for $450, with interest. Execution and garnishment were issued and served upon the members of the Panhellenic Grocery Company. They answered, admitting that judgment had been rendered against them in favor of Nick Melis, requiring them to pay something like $1,300, and also stating that they had been served with notice of * * * assignment (referred to by counsel as a 'pretended' assignment) of said judgment by Nick Melis to Gust Melis. Thereupon Gust Melis was brought into the garnishee proceedings, and alleged that he was the owner of the judgment which Nick Melis had recovered from the members of the Panhellenic Grocery Company, by virtue of an assignment executed on the 3d day of July, 1914, to apply upon an indebtedness owing by Nick Melis to Gust Melis for the sum of $3,125, and also alleging a present consideration.

"L. G. Skliris, the plaintiff, who had garnisheed the Panhellenic Grocery Company, denied that Nick Melis was indebted to Gust Melis in the sum of $3,125, or any sum, and denied the execution of the assignment, and alleged that Nick

Melis and Gust Melis were brothers; that they had for years been associated together in business, sometimes under the name of one and at other times under the name of the other; that all business transactions which were conducted under the name of either was for and in behalf of both, and that they were copartners in all transactions that were had by or in the name of either, and that if there was any assignment executed, as set forth in the answer of Gust Melis, it was fictitious and sham, without any real consideration, and for the purpose of hindering, delaying and defrauding the plaintiff, and that the execution and garnishment which he caused to be served upon the members of the Panhellenic Grocery Company, attaching and garnisheeing the money owing by them, was superior to the claim of defendant, Gust Melis. A trial was had, and findings of fact made sustaining the allegations in the pleadings of Gust Melis, and finding that Nick Melis executed the assignment for a valuable consideration to Gust Melis, but failing to make any finding whatsoever upon the allegations, and issues raised in the pleadings of the plaintiff, and also failing to make or enter any conclusion of law whatsoever. On these findings, judgment was entered in favor of Gust Melis, declaring the assignment to be valid, and prior in right to the plaintiff's garnishment.''

The court, preliminary to finding the facts, made the following general statement respecting the main, the decisive, issue in the case:

''This matter came on to be heard   *   *   *   on the 10th day of April, 1917, upon the validity of the assignment of Gust Melis, garnishee defendant herein, which assignment was set up in his answer on file in this action, and the question of the right of said Gust Melis under said assignment to receive moneys heretofore paid into court in satisfaction of the judgment in case No. 18043, having been fully heard, and testimony having been introduced by L. G. Skliris, claiming said money by virtue of a writ of garnishment issued out of case No. 18415, as well as by Gust Melis, and the matter having been fully argued to the court and submitted, and the court being advised in the premises, now makes its findings of fact.''

The findings of fact, so far as material here, are as follows:

"That on the 3d day of July, 1914, N. V. Melis, who is the plaintiff in case No. 18043, and the defendant in case No. 18415, was indebted to Gus Melis for money which had been theretofore and which was then and there loaned to said N. V. Melis by Gust Melis at his request. That in payment and settlement of the said indebtedness in so far as the proceedings therefrom would pay and settle the same, *N. V. Melis on said 3d day of July, 1914, duly assigned and transferred to Gust Melis, all of the right, title, and interest of said N. V. Melis* in a certain chose in action, then being sued upon in the above-entitled court, in an action entitled Nick Melis, Plaintiff, v. F. G. Skliris, et al., Defendants, being case No. 18043. *The said assignment being in writing duly signed and acknowledged by the said N. V. Melis,* a copy of which said assignment and transfer is attached to the answer of Gust Melis, garnishee defendant herein.

"That thereafter judgment was duly entered in said action No. 18043 in favor of N. V. Melis and against F. G. Skliris, Nick Kromoutsamakis (or Kromas) and Gust Makris, defendants, in the sum of $1,345.54 (and interest from October 1, 1913.)

"That pending the hearing upon the validity of this assignment there has been held in the hands of the clerk of the above-entitled court, the sum of $898.29. That of said sum by an order of court heretofore made herein, the sum of $348.29 is to be held pending the outcome of another action in which Konstantinos D. Makris was plaintiff and Nicolaos Melis was a defendant. That the difference between the amount so held and the balance now in the hands of the clerk ($550) was by said order to be paid to the party entitled thereto upon the hearing as to the validity of the assignment of Gust Melis as aforesaid.

"*That the assignment of Gust Melis was prior to any and all writs of garnishment served out of the case No. 18415, by and under which L. G. Skliris claimed the money.*" (Italics ours.)

The contention that the court after it had made the findings

of fact which we have italicized, namely, that N. V. Melis "duly assigned and transferred to Gust Melis all of the right, title, and interest of said N. V. Melis," to the indebtedness attempted to be garnisheed by L. G. Skliris, plaintiff herein, that said assignment was "in writing duly signed and acknowledged," and that it "was prior to any and all writs of garnishment served out of the case No. 18415 and under which L. G. Skliris claimed the money," should have made specific findings of fact on the issues tendered by plaintiff's answer or reply to the answer made by Gust Melis to the writ of garnishment in question, and its failure so to do was error, we think, is untenable. The findings of the court to which we have referred and set forth negative the allegation of plaintiff's answer, wherein he alleges that "the assignment was fictitious and sham, without any real consideration, and for the purpose of hindering, delaying, and defrauding the creditors of Nick Melis, * * * and that the execution and garnishment which plaintiff caused to be served * * * attaching and garnisheeing the money" in question "was superior to the claim of defendant Nick Melis."

Where, as in the case at bar, the court makes affirmative findings of fact on the material issues, in favor of one of the parties to an action or proceeding, which findings are inconsistent with and are necessarily a complete negative of the truth of the matter set forth in the pleadings of the other party, the failure of the court to expressly and specifically find on the matters the truth of which is thus negatived is not error. *Snelgrove* v. *Earl,* 17 Utah, 321, 53 Pac. 1017; *Bowers* v. *Cottrell,* 15 Idaho, 221, 96 Pac. 936; *Henderson* v. *Reynolds,* 57 Or. 186, 110 Pac. 979; *Fox* v. *Haarstick,* 156 U. S. 674, 15 Sup. Ct. 457, 39 L. Ed. 576; 38 Cyc. 1953, 1964.

The assignment of error directed to the alleged failure of the court to specifically find on all of the issues is overruled.

Counsel for appellant have not discussed the assignment of error directed to the failure of the court to make and file conclusions of law; nor have they cited any authorities in

support of this assignment. They merely remark that such failure is fatal to the judgment of the court predicated on the findings of fact. Assuming, for the sake of argument, that the failure of the court to make and file conclusions of law was error, the record nevertheless shows that the error was harmless, and in no way prejudicial to the rights of plaintiff, L. G. Skliris. The only conclusions of law permissible from the facts found by the court is that L. G. Skliris, the plaintiff, was not, and is not, entitled to the money in controversy. It is settled law in this jurisdiction that a case will not be reversed unless some right of the party complaining has been prejudicially affected by the ruling or action of the court assigned as error.

The judgment is affirmed, with costs to respondent.

FRICK, C. J., and CORFMAN, THURMAN, and GIDEON, JJ., concur.