[Civ. No. 1973. Second Appellate District—February 21, 1918.]

## J. M. HUNTINGTON, Respondent, v. A. STEPHEN VAVRA, Appellant.

NEGLIGENCE — COLLISION BETWEEN AUTOMOBILE AND MOTORCYCLE — ISSUE OF CONTRIBUTORY NEGLIGENCE—FINDING.—In an action for damages for personal injuries resulting from a collision between an automobile and a motorcycle upon which plaintiff was riding, where the issue whether plaintiff was guilty of contributory negligence was presented by evidence both *pro* and *con*, the failure to make a distinct finding on such issue is reversible error.

ID.—LIABILITY TO AVOID COLLISION—ACTS OF DEFENDANT AS PROXIMATE CAUSE OF INJURY—INSUFFICIENCY OF FINDING.—In such an action, the finding that plaintiff was unable to avoid the collision, and · that the acts of the defendant were the proximate cause of the in-

juries, does not inferentially determine the issue of contributory negligence, and avoid a specific finding.

ID.—FINDING ON MATERIAL ISSUE—RIGHT OF PARTIES.—The right to have a material issue presented by the pleadings in the cause determined by a finding is one important to the parties to the suit, and the failure to make such a finding results in prejudicial error entitling the complaining suitor to a reversal.

APPEAL from a judgment of the Superior Court of Los Angeles County. Grant Jackson, Judge.

The facts are stated in the opinion of the court.

Edward G. Kuster, Gilbert A. McElroy, Guy E. Maurice, and Clarence E. Fleming, for Appellant.

William A. Spill, for Respondent.

JAMES, J.—Defendant appeals from a judgment entered against him. Recovery was had in the lower court upon a cause of action charging that defendant had negligently operated an automobile on a public highway and thereby caused a collision to occur between the automobile and a motorcycle upon which plaintiff was riding. In the answer filed the negligent acts charged against the defendant were specifically denied, and the affirmative defense was made that the accident was proximately caused by the plaintiff's own negligence. This defense of contributory negligence was alleged first in general terms, and it was then specified "that one of said acts of negligence aforesaid on the part of plaintiff is that plaintiff, at said time and place, drove said motorcycle at a high and unlawful rate of speed, to wit, between thirty-five and forty miles per hour." Lincoln Avenue in the city of Pasadena is a street having a clear roadway width of about fifty-five feet. Its direction is generally north and south. Entering the westerly side of this street and at an angle bearing to the north is Canada Avenue, a street thirty feet in width. At the time of the accident, it being after nightfall, the defendant, operating an automobile, was traveling northerly along Lincoln Avenue below the point where Canada Avenue enters Lincoln. At the same time plaintiff, riding on a motorcycle, was traveling southerly on Lincoln Avenue on the right-hand side of that street and north of the

point where Canada Avenue enters the first-named thoroughfare. In other words, the automobile and motorcycle were traveling in opposite directions, each in its lawful place on the right-hand side of the street and both approaching the intersection of Lincoln Avenue with Canada Avenue. Defendant resided at a point on Canada Avenue westerly of Lincoln, and when he reached the point of intersection of the two streets made the turn to enter Canada Avenue westerly. The motorcycle of the plaintiff traveling, as before noted, south on the westerly side of Lincoln Avenue failed to clear the automobile when the same had advanced across the westerly side of Lincoln Avenue, with the result that a collision occurred, by reason of which the motorcycle was badly damaged and plaintiff suffered some physical injuries. No point seems to be seriously advanced that there was not sufficient evidence to warrant the court in finding, as it did, that the defendant negligently and without warning turned his automobile across the roadway in front of the motorcycle of the plaintiff, as charged in the complaint. The chief point made by appellant is that the court committed prejudicial error in failing to find upon a material issue proposed by the answer, to wit, as to the contributory negligence charged against the plaintiff. Appellant has set forth in the brief sufficient of the testimony to show that there was evidence before the court respecting the rate of speed at which plaintiff was traveling at the time he suffered his injuries, indicating that he was traveling at a speed in excess of the maximum rate provided by law. (Motor Vehicle Act of 1913 (Stats. 1913, p. 649), sec. 22, subd. b.) There was also evidence to the contrary. Hence it appears that the case is not one where, assuming an absence of finding upon the question, the court either will presume that there was no evidence to support the issue, or that the evidence without conflict negatived the plea of contributory negligence, such as was held in *Roberts* v. *Hall*, 147 Cal. 434, [82 Pac. 66]; *Callahan* v. *James*, 141 Cal. 291, [74 Pac. 853]; *Klokke* v. *Escailler*, 124 Cal. 297, [56 Pac. 1113]. There being a material issue presented and evidence both *pro* and *con* affecting the facts concerned in the issue, the court was required to make a distinct finding upon the matter. (*Tucker* v. *United Railroads*, 171 Cal. 702, [154 Pac. 835].) Counsel for respondent argues that, while no specific finding is made as to the issue of contributory negli-

gence, the facts in the findings made by the court are inferentially determined adversely to the defendant's plea. We have examined with much care the findings as made by the court and are not prepared to agree that the facts are determined as to the issue of contributory negligence at all. The findings generally recite the specifications made by the complaint affecting the negligent conduct of the defendant. In the last paragraph of the findings it is stated by the court "that the plaintiff was unable to avoid said collision," and "that the acts of the defendant aforesaid were the direct and proximate cause of the said injuries and damage and all of them. . . ."    These are the two chief clauses to be found in the findings and to which our attention is urged by respondent as inferentially determining the issues referred to. The fact that the plaintiff may have been unable to avoid the collision would be wholly consistent with the fact also that he may have been traveling on his motorcycle at an unlawful and negligent rate of speed, and so caused himself to be placed in such a situation that he was "unable to avoid the collision." As to the finding that the acts of the defendant were the "direct and proximate cause of the said injuries and damage and all of them," it may well have been that the plaintiff was guilty of acts which contributed proximately to cause the injurious consequences which resulted. The right to have a material issue presented by the pleadings in a cause determined by a finding of the court is one important to the parties to a suit, and the failure to make such a finding results in prejudicial error entitling the complaining suitor to reversal.

For the reasons given, the judgment appealed from is reversed.

Conrey, P. J., and Works, J., *pro tem.*, concurred.