[Civ. No. 2707. Second Appellate District, Division One.—March 13, 1920.]

### J. R. MAXWELL, Respondent, v. WESTERN AUTO STAGE COMPANY, INCORPORATED, et al., Appellants.

[1] NEGLIGENCE — AUTOMOBILE COLLISION — EVIDENCE — CONTRIBUTORY NEGLIGENCE—WANT OF FINDING—ERROR.—In an action to recover for damage sustained by plaintiff's automobile as the result of a collision due to the alleged negligence of the defendants, a plea of contributory negligence raises a material issue, and failure to find upon such issue constitutes reversible error where the evidence is conflicting and the case is of such a character as would justify a decision for the defendants upon the ground that plaintiff committed acts which would amount to negligence contributing proximately to cause the damage suffered.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Reversed.

The facts are stated in the opinion of the court.

Duke Stone for Appellants.

Mattison B. Jones for Respondent.

JAMES, J.—This appeal was taken from a judgment awarding damages to the plaintiff. It was alleged in the complaint that a collision which occurred between an automobile driven by the plaintiff and one driven by appellant Dukelow, was the result of the negligent acts of Dukelow, who was employed as a driver by his codefendant. In their answer defendants denied the charge of negligence, and affirmatively alleged particular acts of negligence on the part of the plaintiff as contributing proximately to cause the alleged damage. The trial court found the facts in accordance with the allegation of the complaint, but failed to make any finding upon the issue tendered by the defendants as to the contributory negligence of the plaintiff. Several grounds are urged for a reversal, chief among which are:

---

1. Liability for collision between automobiles at or near corner of streets or highways, note, L. R. A. 1916A, 745.

(1) That the evidence does not sustain the findings of the court as to the negligence of the defendants; (2) that the court erred in admitting testimony of statements made by defendant Dukelow immediately after the accident; (3) that the court erred in not making an affirmative finding upon the issue as to the contributory negligence of the plaintiff.

Immediately before the accident occurred, defendant Dukelow, driving an automobile in service as a stage, was traveling northward along a straight road in a suburban community. He approached a point where the road upon which he was traveling was entered by another highway from the right. This latter highway gave entrance to and from the road upon which Dukelow was driving the stage, but did not cross it. Plaintiff, operating an automobile, was traveling down this connecting highway and was approaching the point where Dukelow's vehicle would pass the point of connection between the two roads. Dukelow turned his machine toward the left-hand side of the road upon which he was traveling, with the purpose of avoiding contact with the plaintiff's automobile, but the latter vehicle struck the stage, with the result that the stage was completely turned over and the automobile of the plaintiff was damaged. The testimony of plaintiff was, in substance, that as he reached the point where the road upon which he was traveling entered the main highway, he looked to the left first and saw the vehicle of defendants approaching at a distance of about 150 or 160 feet; that, intending to turn to the left and down the main highway, he proceeded across the middle thereof for the purpose of making the turn, and that the defendants' automobile having reached that point, swerved to the left and the collision resulted. He testified that he was traveling at a moderate rate of speed. On the other hand, Dukelow testified that just previous to reaching the point of the accident he had been traveling at a speed of twenty-five to thirty miles an hour, and that as he approached the corner where the two roads met he began to slow down, and that when he was about twenty feet from the nearest curb on the second highway he saw the plaintiff's automobile; that considering that there was ample room for him to pass, he bore to the left-hand side of the roadway in order to allow the plaintiff sufficient space; that the plaintiff appeared to slow down at first, but that his machine suddenly shot for-

ward as the stage was passing and struck the latter, with the result already mentioned; that it appeared to him that plaintiff was an incompetent driver and that instead of putting on the brakes of his machine, as he evidently intended to do, he had pressed the gasoline throttle which had the reverse action and caused plaintiff's machine to dart forward and so produce the collision. [1] This brief, but incomplete, sketch of the evidence is sufficient to illustrate the propositions involved on this appeal. We think that it sufficiently shows that there was conflicting evidence and that the case was of such a character as would have justified a decision for the defendants upon the ground that plaintiff committed acts which would amount to negligence contributing proximately to cause the damage suffered. By this we mean to say only that a case was presented which called for a decision of the court not only upon the proposition of defendants' negligence, but as to plaintiff's also. This particularly to the point made by the appellants that the court failed to find upon a material issue. A plea of contributory negligence presents such an issue. The claim for error on this ground is, therefore, well taken. (*Tucker* v. *United Railroads,* 171 Cal. 702, [154 Pac. 835] ; *Huntington* v. *Vavra,* 36 Cal. App. 352, [172 Pac. 166].)

On the statement made, the finding as to the negligence of the defendants is sustained by the evidence shown. Assuming the situation to have been as claimed by the plaintiff, plaintiff approaching a point of crossing at the right of defendants' stage, had the right to cross in advance of the stage and should have been allowed by the driver of the latter sufficient time to make the crossing. Had the stage been under such control as to enable the driver thereof to bring it to a stop before crossing the entering road, the collision doubtless would not have occurred. There was a hedge at the first right-hand corner which the stage was approaching, and the driver admitted that this obscured his vision of vehicles which might be coming from that direction. As before noted, he testified that he was within twenty feet of the first curb line when he first saw the automobile of the plaintiff. Upon all the evidence, it was for the trial court to say as to whether under the circumstances there was negligence on the part of either plaintiff or the defendants. Judged by the record before us, that question was solely for

the trial judge, for no such clear case is presented as to make it appear as a matter of law that there was negligence or lack of it either in the conduct of the plaintiff or that of the stage driver. It is complained that the testimony offered and received as to statements made by the stage driver to third persons shortly after the collision occurred was incompetent and that in admitting the same the court committed error. The testimony doubtless was incompetent as to the employer of the stage driver; but we find nothing in it which differed in material respects from that offered at the trial in the driver's deposition. At any rate, were the appeal to be determined by a solution of that question alone, we would unhesitatingly say that the error was not such as to indicate that justice had miscarried. The failure, however, of the court to find as to the contributory negligence of the plaintiff was a matter which cannot be thus answered and for which defendants are entitled to a new trial.

The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.