## BAWDEN *v.* KUKLINSKI

### No. 2630

September 5, 1924.                    228 Pac. 588.

1. TRIAL—MOTION FOR NONSUIT WAIVED, WHERE EVIDENCE INTRODUCED BY MOVANT AFTER DENIAL THEREOF.

Defendant's motion for a nonsuit was waived, where he introduced evidence in support of his defense after such motion was denied.

2. TRIAL—REFUSAL TO MAKE PARTICULAR FINDING HELD NOT ERROR, IN VIEW OF OTHER FINDINGS.

In action for injuries, that court refused to make finding on issue raised by defendant as to plaintiff's negligence *held* not error, in view of its finding that defendant's negligence was proximate cause of plaintiff's injury.

3. TRIAL—RULE STATED AS TO WHEN FAILURE TO EXPRESSLY FIND ON MATTER NEGATIVED IN ANSWER NOT ERROR.

Generally, where court makes an affirmative finding of fact on issue raised by allegation of complaint, which is necessarily complete negative of truth of matter set forth in answer, failure of court expressly to find on matter so negatived is not error.

4. APPEAL AND ERROR—FINDING ON CONFLICTING TESTIMONY IN AUTOMOBILE COLLISION CASE THAT PLAINTIFF GAVE SIGNAL NOT DISTURBED.

In automobile collision case, evidence being conflicting as to giving of signal by plaintiff indicating left-hand turn, appellate court was bound by trial court's finding thereon; it not being clearly against weight of testimony.

5. MUNICIPAL CORPORATIONS—FAILURE OF AUTOMOBILIST TO LOOK BACK ON MAKING TURN NO BAR TO RECOVERY FOR COLLISION, UNLESS PROXIMATE CAUSE OF ACCIDENT.

Act of driver of automobile in turning at intersection of streets without looking back is not such negligence as will bar recovery for collision with following car, unless such failure was proximate cause of accident.

6. MUNICIPAL CORPORATIONS—ORDINANCE REQUIRING AUTOMOBILIST TO SIGNAL BEFORE CHANGING COURSE HELD TO IMPOSE DUTY ON FOLLOWING CAR TO WATCH FOR SIGNAL.

Ordinance providing that, before an automobilist shall change his course, he shall see that there is sufficient space, so that movement can be made in safety, and shall signal to person in charge of car behind, and make no turn until car behind has passed on left, places on following car reciprocal duty of driving cautiously and watching for signals.

7. MUNICIPAL CORPORATIONS — EVIDENCE HELD TO SHOW THAT DEFENDANT'S NEGLIGENCE, AND NOT PLAINTIFF'S FAILURE TO LOOK BACK, WAS PROXIMATE CAUSE OF AUTOMOBILE COLLISION.

Where defendant, driving an automobile at excessive speed, observed that plaintiff swerved to make turn, evidence that thereafter defendant had time enough in which to turn to left with view to cutting corner, throw on emergency brake, wobble a little, and then endeavor to get behind plaintiff, in doing

which he struck plaintiff's car two or three feet from rear end, *held* to sustain finding that defendant was guilty of negligence which constituted proximate cause of collision, though plaintiff failed to look back before making turn.

See (1, 2, 3,) 38 Cyc. p. 1561, n. 53; p. 1984, n. 78; (4) 4 C. J. sec. 2855, p. 885, n. 41; (5, 6, 7) 28 Cyc. p. 36, n. 13; p. 38, n. 27; p. 27, n. 20.

APPEAL from Second Judicial District Court, Washoe County; *Geo. A. Bartlett,* Judge.

Action by Joseph R. Bawden and others against Otto G. Kuklinski. Judgment for plaintiffs, and defendant appeals. **Affirmed. Rehearing denied.** (SANDERS, J., dissenting.)

*Huskey & Kuklinski,* for Appellant:

It was plaintiff's duty to look to see if he had room to turn; to give plainly visible signal of intention to turn; to wait until closely following car has passed. Court found defendant guilty of not giving signal of intention to pass plaintiff, though no evidence was given of his duty so to do. Plaintiff should have yielded right of way. Kenney v. King, 190 Pac. 834.

Occupants of defendant's car saw no signal. Negative proposition is as subject to proof as positive. Witnesses on each side, if equally honest and informed, are equally entitled to credence. 3 Jones Evidence (1896 ed.), 1982; 1 Moore Facts, sec. 43.

If defendant were really traveling at excessive speed, plaintiff's duty to yield right of way was rather intensified than lessened thereby. Kenney v. King, supra.

Cheney street comes into Virginia Streeet from north but does not cross it. Driver making left-hand turn on Virginia Street loses all right of way. Defendant was entitled to instruction embodying these facts. Where two contentions are made and evidence is introduced to support both, it is duty of court to instruct on both theories. Crossman v. S. P. Co., 42 Nev. 92.

While reminded of rule of conflicting evidence, we submit defendant proved plaintiff's contributory negligence,

and case comes within rule of Smith v. Goodin, 46 Nev. 229, that it is duty of this court to look into evidence and grant new trial if it appears that evidence taken altogether does not support verdict. Hayne New Trial and Appeal, 288; Watt v. N. C. R. R. Co., 23 Nev. 154.

Instructions should not take from jury either party's theory of case, but should state law applicable to both sides. Zelavin v. Tonopah Belmont D. Co., 39 Nev. 1. To refuse to instruct on matter pleaded and proved is error. Stein v. U. R. R. 113 Pac. 663.

Though one be guilty of wanton negligence, another may not close his eyes to approaching danger and rush blindly into it. Sego v. S. P. Co., 70 Pac. 279. If person sustaining injury be also guilty of negligence, without which injury would not have happened, recovery is defeated. Tucker v. Northern Lumber Co., 68 Pac. 426. Violator of ordinance is guilty of negligence per se if such violation contributes proximately to accident. Hutchinson v. Miller & Lux, 212 Pac. 394. That principal duty is upon passing driver is not correct law. Court's failure to determine plaintiff's duty was failure to consider ordinance. The law of contributory, and not comparative negligence governs. Straten v. Spencer, 196 Pac. 540. Case was decided on defendant's responsibility alone, though plaintiff's negligence directly contributed to accident. Moore v. Rochester Weaver M. Co., 42 Nev. 164.

No substantial recovery may be based on mere guesswork or inference. 17 C. J. 758; Richards v. Vermilyea, 42 Nev. 294.

*Frame & Raffetto,* for Respondents:

Issues tendered were supported by substantial evidence. Case was decided upon conflicting testimony. Record shows plaintiff was traveling six or seven miles per hour; that he did not cut corner; that signal was given; that intersection was brightly lighted and, if due care were used, signal would have been plainly visible. Decision of these points disposes of case.

Burden is upon the appellant to establish by clear preponderance of evidence his affirmative defense of contributory negligence.

Every material issue was conflicting. Upon well-settled rule, long established, this court will not attempt to weigh and determine sufficiency of evidence.

This court has frequently decided that where mental suffering or physical pain, coupled with physical injury, is shown, amount of recovery is in discretion of jury, which will not be disturbed in absence of proof of prejudice, passion or partiality.

## OPINION

By the Court, COLEMAN, J.:

Plaintiffs, who are respondents in this court, instituted this action to recover damages alleged to have been sustained through the negligence of the appellant. A judgment was rendered in favor of the plaintiffs, and the defendant appealed from the judgment and the order denying the motion for a new trial.

The facts are these: About 1 o'clock a. m. of October 29, 1922, the plaintiff, Joseph R. Bawden, accompanied by his wife, and the defendant were driving their automobiles along Virginia Street in the city of Reno, in a southerly direction, the plantiff's car preceding the defendant's. When the plaintiff came to the point at which Cheney Street comes into Virginia Street from an easterly direction, at which latter street it ends, the plaintiff sought to turn down Cheney Street to his home. The plaintiff claims that he was traveling at about 5 miles per hour when he sought to make the turn, and that he gave the signal required by the ordinance to be given in such a situation, but that the defendant was traveling at a rate of speed far in excess of 12 miles per hour fixed by ordinance as the speed limit, and as a result of such excessive rate of speed ran into plaintiff's car, turned it over, and thereby injured plaintiff's wife and damaged his car.

The ordinance of the city of Reno applicable to the case reads as follows:

"*Signal on Changing Course.* Every person riding, driving, propelling, or in charge of any vehicle on any street shall, before turning, stopping, or changing the course of such vehicle, first see that there is sufficient space so that such movement can be made in safety, and shall then give a plainly visible signal to the persons in charge of vehicles behind the vehicle so turning, stopping, changing its course, or turning from a standstill, of his intention to make such movement, in which event no turn shall be made until such vehicle shall have passed on the left.

"The signals above mentioned shall be given in the following manner, to wit:

"First, arm straight out—turning in the direction pointed to.

"Second, arm pointed upward—turning in the opposite direction.

"Third, arm pointed downward—stopping or suddenly changing speed.

"If it is a closed vehicle, the signals must be given by a proper signaling device indicating the same signal as those required by hand."

The court, to which the case was tried without a jury found among other things as follows:

"That all of the allegations of plaintiffs' complaint alleging negligence on the part of the defendant are true and sustained by the evidence, and particularly in this: That the defendant attempted to pass plaintiff's automobile at the intersection of Virginia and Cheney Streets after plaintiff had given a plainly visible signal of his intention to turn into Cheney Street, and that before the defendant attempted to pass plaintiffs' automobile, he did not give any signal of his intention to attempt to pass the automobile of plaintiff, and that the defendant's negligence was the approximate cause of plaintiff's injuries."

1. The appellant has assigned four errors as grounds for a reversal. The first is that the court erred in denying the defendant's motion for a nonsuit. Since the defendant introduced evidence in support of his defense after such motion was denied, he waived his motion.

7 Standard Ency. Prac. p. 673; Chamberlain v. Woodin, 2 Idaho (Hasb.), 642, 23 Pac. 177; Bogk v. Gassert, 149 U. S. 17, 13 Sup. Ct. 738, 37 L. Ed. 631; Lyon' v. United Moderns, 148 Cal. 470, 83 Pac. 804, 4 L. R. A. (N. S.) 247, 113 Am. St. Rep. 291, 7 Ann. Cas. 672; Wees v. Page, 47 Wash. 213, 91 Pac. 766; Hochschultz v. Potosi Z. Co., 33 Nev. 198, 110 Pac. 713.

2, 3. The next assignment is that the court refused to make a finding on the issue raised by the defendant as to plaintiff's negligence. In his answer the defendant charges that the plaintiff was guilty of certain acts of negligence, and that they were the "sole, immediate, and proximate cause of the accident." We think the finding of the court, to the effect that the defendant's negligence was the proximate cause of the injuries sustained by the plaintiff, negatives the truth of the affirmative defense, and hence no further finding was necessary. It is the general rule that, where a court makes an affirmative finding of fact on an issue raised by an allegation of the complaint, which is inconsistent with and is necessarily a complete negative of the truth of the matter set forth in the answer, the failure of the court expressly to find on the matter thus negatived is not error. 38 Cyc. 1984; Churchill v. Baumann, 95 Cal. 541, 30 Pac. 770; Skliris v. Melis, 51 Utah, 391, 170 Pac. 968.

The next two assignments of error go to the sufficiency of the evidence to sustain the findings and judgment. It becomes necessary in this connection to consider the ordinance of the city of Reno, which we have quoted.

It is the theory of the plaintiffs that the accident was the direct result of the excessive rate of speed at which the defendant was driving. On the other hand, it is contended that the plaintiff, Bawden, was guilty of contributory negligence, in that he drove at an excessive rate of speed, and that he violated the ordinance in question in failing to look back to see if the defendant was so close behind him as to prevent plaintiff's making the turn with safety. The trial court heard the evidence, and in disposing thereof applied the law, and reached

the conclusion that the plaintiff was not guilty of contributory negligence, but that the negligence of the defendant was the proximate cause of the accident.

Let us consider the evidence. It appears that both parties were driving at an excessive rate of speed when about midway the block, the plaintiff at about 25 miles an hour and the defendant at from 28 to 30 miles an hour, and that the plaintiff slowed down, swung to the right a little to turn down Cheney Street, and at the time the defendant observed the plaintiff swing to turn at the intersection of Cheney Street the defendant was still going at from 28 to 30 miles an hour. The witness Hood, an automobile man and an experienced driver, in explaining what happened at the time of the accident, testified:

"Well, he was turned what you call practically diagonal across the corner. The other car was coming down here, and when he saw he couldn't make the turn inside the curb, which I judge was his idea, he started to slam both brakes here, and you could hear his brakes squealing. Then he started to wobble a little bit, and then tried to get back of the other car, and this car I should say was at that angle when he came—the way it seemed to me, he caught the left rear fender of the front car with his left front fender; that is the way it looked to me from where I was, and I was within 50 feet of it when it happened."

The witness further testified:

"Then, as I came down here, this car slowed up, and he made a curve about like this, and then started to cut across here.

"Q. Mark that with an arrow. A. (Witness does so.) And threw his brakes on here, and I think that is what carried him over a little bit, because he kind of carried over a little bit, and then started to cut the corner, and this car was coming right in here.

"Q. Which car? A. The K car, and tried to turn in here.

"Q. To the left? A. Yes, and I think he found he could not cut the corner, so then he slammed his brakes

on and tried to go back, and he waved a little bit, and I think his fender caught this in here."

Before we consider the evidence alluded to, we must observe that the testimony in behalf of the plaintiff is that he was traveling at about 5 or 6 miles an hour when he sought to turn the corner, and that prior to reaching the corner he held his hand out, giving the sign required by the ordinance to indicate his intention to make the turn. On the other hand, the defendant and the occupants of his car testified that defendant was traveling at a moderate rate of speed, and that they saw no sign indicating an intention on plaintiff's part to make the turn. We observe, too, that there is testimony to the effect that the defendant was only 10 feet behind the plaintiff when he sought to turn.

In considering the facts of this case, we must keep in mind that a car going at a rate of 25 miles per hour covers 36.66 feet per second of time, and while going at the rate of 30 miles per hour will cover 44 feet per second. Just here we may say that, if it be conceded that the plaintiff was traveling at an excessive rate of speed when he sought to make the turn, it could in no way have contributed to the accident.

This brings us to a determination of the negligence of the plaintiff in failing to give a signal indicating his intention to turn, his alleged negligence in turning without looking back to see if any one was behind him, and the alleged negligence of the defendant.

4. The testimony of the plaintiff and the occupants of his car is that there was a large light at the intersection of the streets whereat plaintiff sought to turn; that one could read a newspaper by it; that plaintiff held out his hand for some distance before beginning to make the turn. Plaintiff admitted that he did not look back to see if any one was behind him. The evidence, being conflicting as to the giving of the signal by the plaintiff at the time and place testified to in his behalf, we are bound by the finding of the court; it not being clearly against the weight of the testimony.

5, 6. The ordinance, as shown, provides that, before a

person who is driving an automobile shall change his course, he shall see that there is sufficient space so that such movement can be made in safety, and shall give a signal to the person in charge of the car behind, and that he shall make no turn until the car behind shall have passed on the left. The question is: What interpretation shall be put upon the ordinance? Shall it be given a strained construction, or one which harmonizes with its evident spirit, with a view of effectuating its purpose of minimizing the dangers of the road and yet expedite travel? Clearly but one view justly can be taken in this connection. The present indications point to a growing automobile traffic, that, common-sense rules are imperative for the guidance of such traffic, and that the rules and regulations must be construed and harmonized, with the view of attaining the desired end. With these observations we approach the contention of the defendant that it is contributory negligence for a driver to turn at the intersection of two streets without looking back, and that nothing can excuse that negligence. If the failure of the plaintiff to look back was not the proximate cause of the accident, this contention must be rejected. Weck v. Reno Traction Co., 38 Nev. 285, 149 Pac. 65. If the trial court was justified in concluding from the evidence that, had the plaintiff looked back, he reasonably could have assumed that he had sufficient room in which to make the turn (providing the defendant was driving at a lawful rate of speed and otherwise exercising care, as plaintiff had the right to presume), the court could properly have concluded that the plaintiff would have endeavored to make the turn as he did, and if, in such circumstances, the accident occurred through the negligence of the defendant, his negligence would be the proximate cause of the injury. The fact that the plaintiff did not look back is not material, unless such failure was the proximate cause of the accident. And just here we may observe that no careful driver will follow an automobile to its left and close to it in approaching an intersection without keeping his car under control. If any other rule be

sanctioned, a reckless, malicious driver may keep the forward car from making a turn to the left for miles, and looking back will not alter the situation. No construction should be placed upon an ordinance permitting such a thing to happen, except when absolutely necessary. Upon the following car is imposed a reciprocal duty—one which cannot be escaped—that of driving cautiously and watching for signals.

7. In the light of these observations, let us consider the undisputed evidence and the physical facts. The plaintiff, after giving the signal, proceeded to make the turn. What happened? The undisputed testimony of Hood is to the effect that the defendant, tried to "cut the corner," that he then put on his brakes, that the car wobbled a bit, and that he then tried to get back of plaintiff's car, striking it 2 or 3 feet from the rear end. This is, indeed, a significant state of facts, in view of the further fact that the car of plaintiff was carried by the impact a distance of 30 feet, and then turned over. What was the trial court justified in concluding from this testimony? The car was going, according to Hood, at the rate of 28 or 30 miles an hour, or, as shown, about 40 feet per second. This is corroborated by the distance plaintiff's car was carried by the impact. Yet, after the defendant observed that the plaintiff swerved to make the turn, the defendant had time enough in which to turn to the left with a view of cutting the corner, throw on the emergency brake, wobble a little, and then endeavor to get behind plaintiff, in doing all of which he struck plaintiff's car about 2 or 3 feet from the rear end. Now, if the defendant had enough time, after observing the swerving of the plaintiff's car before starting to turn, to go through these movements, what is the inevitable conclusion? It is that, had the defendant been driving at the lawful rate of speed, or had he observed the signal given by the plaintiff, which the court found was given, or had he exercised reasonable care after he noticed the plaintiff begin to swerve, he could have prevented the collision, and that his failure to avoid the accident was due to his own negligence,

which constituted the proximate cause of the injury. The fact that the defendant made three movements before doing the usual thing of dropping behind the forward car necessarily demonstrated to the trial court that there was ample room between the two cars for the first one to turn in safety if the rear one had been under control, and the driver was observing the signal. The fact that the defendant struck so near the rear end of plaintiff's car, in the circumstances, shows that, if the defendant had been driving within the speed limit, or had turned behind the forward car, even after observing its swing to make the turn, he would have avoided the collision. Viewing the situation from any angle, the findings of the trial court are amply sustained by the evidence.

The last error assigned is that the court guessed at the amount of damages sustained by the plaintiffs. There is no legal rule for the measurements of damages, and we cannot say that the amount fixed by the court is so excessive as to justify a modification. Forrester v. Southern Pacific Co., 36 Nev. 247, 134 Pac. 753, 136 Pac. 705, 48 L. R. A. (N. S.) 1.

Perceiving no prejudicial error, the judgment is affirmed.

DUCKER, C. J.: I concur.

SANDERS, J., dissenting:

The assignment of error to the effect that the court refused to make a special finding on the issue of plaintiff's contributory negligence, in my opinion, is well taken. It may be conceded that, where negligence as to the operation of an automobile is alleged in the complaint in general terms, it is sufficient if the finding on the issue is equally general, and specific findings as to acts done or omitted are not necessary. But where, in an action for damages from the collision of two automobiles, the answer alleges contributory negligence, and there is evidence sufficient, if believed by the court or jury, to sustain the plea, it is error for the court to fail to find on the issue. Maxwell v. Western Auto

Stage Co., 46 Cal. App. 548, 189 Pac. 710; Tucker v. United Railroads, 171 Cal. 702, 154 Pac. 835.

In an action for damages for personal injuries resulting from a collision between an automobile and a motorcycle upon which plaintiff was riding, where the issue whether plaintiff was guilty of contributory negligence was presented by evidence both pro and con, the failure to make a distinct finding on such issue is reversible error. Huntington v. Vavra, 36 Cal. App. 352, 172 Pac. 166.

As to the finding, in general terms, that the defendant's negligence was the proximate cause of plaintiff's injury, it may well have been, as said the court in Huntington v. Vavra, that the plaintiff was guilty of acts which contributed proximately to cause the injurious consequences which resulted. The right to have a material issue presented by the pleadings in a cause determined by a finding of the court is one important to the parties to a suit, and the failure to make such a finding results in prejudicial error entitling the complaining suitor to reversal.

In Maxwell v. Western Auto Stage Co., after making it clear that, upon all the evidence, it was for the trial court to say as to whether, under the circumstances, there was negligence on the part of either plaintiff or the defendants, the court said:

"The failure, however, of the court to find as to the contributory negligence of the plaintiff was a matter which cannot be thus answered, and for which defendants are entitled to a new trial."

The finding of the trial court, as quoted in the opinion of Justice COLEMAN, does not even inferentially determine the issue of plaintiff's contributory negligence adversely to the defendant's plea. The finding fixes the entire responsibility for the accident upon the failure of the defendant to give any signal of his intention to attempt to pass plaintiff's car. The record discloses that, immediately upon the submission of the case, the trial judge announced his decision upon the merits from the bench. In the course of his decision, counsel for

defendant interrupted and made this request in the
form of a question:

"Mr. Huskey: If your honor please, would you be
willing to let the record show how your honor views the
violating of law on the part of Mr. Bawden by not
ascertaining the short distance from him of the car
passing, and allowing it to pass on his left?

"The Court: The court does not find it necessary to
determine that it was the duty of Bawden to look around
at the time when he was about to turn into Cheney
Street, in view of the fact that the court believes that,
when a car attempts to pass another car ahead at a
street intersection, that the responsibility rests upon the
car trying to pass, and the principal duty is upon the
shoulders of the man who tries to pass another car at a
street intersection, regardless of what these traffic cops
say. I believe it is a dangerous thing for a person to
pass another car at a street intersection at any such
speed as thirty miles an hour. The record may show
that."

From this expression of the court, supplemented by
the formal finding as set forth in the opinion of my
associate, it is manifest that the trier of the case not
only failed but refused to make a finding upon the issue
of contributory negligence. The fact that the court
included the statement that the defendant attempted
to pass plaintiff's car after plaintiff had given a plainly
visible signal of his intention to turn into Cheney
Street does not, in my opinion, amount to an adverse
determination of the issue of contributory negligence.
While I concede that it is incumbent upon the operator
of a car approaching another from the rear, while both
are traveling in the same direction, to exercise a greater
degree of care, and that he must have his car well in
hand and under perfect control, I do not yield to the
proposition that the failure of the defendant to give
any signal of his intention to attempt to pass plaintiff's
car was, under the circumstances, such negligence as
to be the proximate cause of the injury. The constant
and frequent passage of automobiles along the streets

of a city is in itself sufficient notice of the near approach of other automobiles and other vehicles, requiring of all drivers of such vehicles the exercise of a high degree of care and watchfulness. Government Street Lumber Co. v. Ollinger, 18 Ala. App. 518, 94 South. 177.

I shall not pause to review the evidence, nor enlarge upon the reciprocal duties of drivers of automobiles or other motor vehicles proceeding in the same direction along the streets of a city, since I am of opinion that the refusal of the court to find on the issue of contributory negligence constitutes reversible error.

### On Petition for Rehearing

February 9, 1925.                    232 Pac. 782.

1. Appeal and Error—Lack of Finding on Question of Contributory Negligence Held Not to Necessitate Reversal, where Defendant's Negligence Was Found To Be Proximate Cause of Injury.

   Stats. 1919, c. 177, as to reversal for want of finding, does not necessitate reversal because of absence of finding on question of contributory negligence, where court has found that defendant's negligence was proximate cause of injury.

2. Appeal and Error—Colloquy between Court and Counsel Cannot Be Considered or Weighed against Formal Findings.

   Colloquy between court and counsel cannot be considered or weighed against formal findings.

See 4 C. J. sec. 2363, p. 554, n. 37; sec. 3204, p. 1175, n. 37.

On motion for rehearing. **Petition denied.** (Sanders, J., dissenting.)

*Huskey & Kuklinski,* for Appellant:

Findings need not expressly negative every possible exception or qualification of facts found, as implied negative necessarily exists, where facts found are inconsistent with those not found. 38 Cyc. 1984.

Some states support doctrine of implied findings. Nevada requires express findings where request has been made. Even where doctrine of implied findings occurs, failure to find on contributory negligence is error. Maxwell v. Auto Stage Co., 189 Pac. 710.

While it is recognized rule in Nevada that where there is no special finding, and only general finding in favor

of party, the finding will be construed on appeal so as to sustain judgment. Still, where losing party requests specific findings and court refuses, nothing can be presumed in favor of finding made, and judgment must be reversed. Moore v. Rochester W. M. Co., 42 Nev. 164.

This court did not take into consideration, as to duties of trial court as respects implied findings, cases of Moore v. Rochester W. M. Co., supra, Schwartz v. Stock, 26 Nev. 128, nor Warren v. Quill, 9 Nev. 259.

Negligence on part of defendant will not relieve plaintiff from using due care, and his failure to do so is contributive omission so proximately connected with accident that but for such omission accident would not have occurred. Livingston v. Barney, 163 Pac. 863.

*Frame & Raffetto,* for Respondents:

It is apparent from record that negligence of appellant was proximate cause of accident without intervention of any negligence on part of respondent. Giving of signal of intention to turn was sufficient to warn following car. Blame for accident rests upon appellant.

Only specification of errors in support of motion for new trial was denial of directed verdict or motion for nonsuit. It is too well settled that all other matters of law must be contained in such specification of errors in support of motion for new trial, all other errors being waived. Petition is without merit and should be denied.

## OPINION

By the Court, COLEMAN, C. J.:

1. A petition for a rehearing has been presented. It is insisted that we reached the wrong conclusion on the contention that the trial court failed to make a finding as to the contributory negligence of the plaintiff. It is strenuously urged that we did not give consideration to the concurring opinion of the writer in Moore v. Rochester Weaver Mining Co., 42 Nev. 164, 174 P. 1017, 19 A. L. R 830 (and the authorities therein relied upon), which was quoted from in the original brief of appellant. We did not allude to it for the reason that we

were of the opinion that the question involved was disposed of by what we did say. We may say, however, that the rule stated in that opinion was incorporated in the statute law of this state by chapter 177, Stats. 1919, p. 319, and hence it is now the law. But we do not think this is a case in which it can be said the rule invoked was violated, for the reason pointed out in our former opinion herein.

In the Moore Case the affirmative defense relied upon was that of estoppel, and the writer took the view that a finding that the matters pleaded in the complaint were true was not a finding upon the issue of estoppel, and that, if the plea of estoppel was or could be established, this court could have determined if the law was properly applied to the facts found. In other words, the writer took the view in that case that the defense of estoppel brought into the case an element or issue which was not disposed of by the general finding; whereas, in the original opinion in the instant case, the finding to the effect that the negligence of the defendant was the proximate cause of the accident disposed of the ultimate fact upon which the case must turn. Or, conceding that the plaintiff was guilty of contributory negligence, if that contributory negligence was not the proximate cause of the injury, the plaintiff could still recover (Weck v. Reno Traction Co., 38 Nev. 285, 149 P. 65), since the real issuable fact upon which the judgment turned was as to whose negligence was the proximate cause of the accident. Upon this question of fact the court made a specific finding.

Defendant in his petition for a rehearing dwells at length upon the cases of Tucker v. United Railroads, 171 Cal. 702, 154 P. 835; Huntington v. Vavra, 36 Cal. App. 352, 172 P. 166, and Maxwell v. Western Auto Stage Co., 46 Cal. App. 548, 189 P. 710, cited in the dissenting opinion of our associate. The opinions in the last mentioned cases are by the District Court of Appeals of California, and are based upon the opinion in the Tucker Case which was by the Supreme Court of

California, which, of course, controls. In that case it was said:

"The pleadings clearly raised the issue, and the court was bound to find upon the question whether or not deceased was guilty of contributory negligence, proximately causing her death. The failure of the court to make a finding responsive to this issue was error."

We think the law of that case is sound, and that it is in accord with the views expressed in our original opinion herein. The court there held that for failure to find whose negligence constituted the proximate cause of the injury, the judgment had to be reversed, whereas, we held that a finding to the effect that the defendant was guilty of negligence which was the proximate cause of the injury was sufficient. Certainly there is no difference in legal effect between our holding in the original opinion, and the holding in the Tucker Case.

2. As to the colloquy between court and counsel, quoted from in the dissenting opinion, we wish to observe that this court is not bound thereby, but by the findings of fact. We certainly cannot overthrow the findings by such a statement, nor should we look to it for guidance. We have repeatedly had occasion to point out the impropriety of incorporating the written opinion of the trial judge in the findings. Day v. Cloke, 47 Nev. 75, 215 P. 386. If to incorporate the written decision of the trial judge, which is the result of study and mature reflection, into the findings is an evil practice, certainly it should not be seriously asserted that an oral statement made during a colloquy between court and counsel, which is not incorporated in the findings, should be weighed against the formal findings.

The petition for rehearing is hereby denied.

DUCKER, J.: I concur.

SANDERS, J.: I dissent.