(No. 21014.—
ARTHUR L. McNABB, Appellee, *vs.* WILLIAM L. HAMILTON, Appellant.

*Opinion filed June 24, 1932.*

HENSON, MORTHLAND & HENSON, WHITLEY & FITZGERALD, and ARTHUR F. DELAHUNTY, for appellant.

LEE BOLAND, for appellee.

Mr. Justice Jones delivered the opinion of the court:

The city of Decatur is operating under the commission form of government. At the regular quadrennial election in 1931 there were eight candidates for the office of commissioner, and the canvassing board declared William L. Hamilton, Earl V. Smith, Thomas A. Moran and Walter E. Rugh to have been elected. Appellee, Arthur L. McNabb, one of the candidates for commissioner, filed a petition in the circuit court of Macon county to contest the election. Beecher Hughey, another candidate for commissioner, also filed a petition in said court to contest the election. By agreement the two proceedings were consolidated and the ballots cast in all of the precincts of the city were re-counted by the court. The court entered a decree finding that McNabb, Smith, Moran and Rugh had received the highest number of legal votes and declaring them to be elected. William L. Hamilton has appealed from that decree. No appeal is prosecuted by Beecher Hughey.

There are thirty-seven election precincts in the city. The principal controversy relates to the validity of the ballots in the thirty-third precinct. In that precinct there were cast 633 ballots, and on the first examination of the ballots the court sustained objections to 17 of them and they were thrown out. For Hamilton 355 were marked and 198 for McNabb. It was disclosed by the evidence that from the time the polls opened until about twelve o'clock noon Mrs. Grace Dow, one of the judges in that precinct, had initialed with her own initials all the ballots handed to voters up to that hour. She was replaced by Mrs. Emily Radke, another judge, who continued to initial the ballots with the letters "G. D." just as Mrs. Dow had done. The exact number of ballots initialed by Mrs. Dow with her own initials was not established by the evidence, but the weight of the testimony shows that at the time she left at noon there had been approximately 300 ballots cast by the voters upon

which she had placed her own initials and that before she left she initialed about 25 more ballots, which were afterwards handed to the voters by Mrs. Radke. Although the 25 ballots initialed by Mrs. Dow were handed to the voters by Mrs. Radke they were not on that account illegal and should be counted. (*Blattner* v. *Dietz,* 311 Ill. 445.) Mrs. Radke placed the initials "G. D." on approximately 300 ballots, but ballots initialed by one judge with the initials of another are illegal and cannot be counted. *Laird* v. *Williams,* 281 Ill. 233.

The handwriting of Mrs. Dow and Mrs. Radke is remarkably similar—so much so that they and other witnesses were unable to definitely distinguish the handwritings on all of the ballots. They identified on direct and cross-examination 117 ballots initialed by Mrs. Dow. She also identified 75 other ballots initialed by her about which Mrs. Radke expressed some uncertainty. During cross-examination Mrs. Dow became ill after the presentation of the 77th ballot to her. The court held the testimony sufficiently identified 195 ballots as initialed by Mrs. Dow and ordered them counted. According to the count made by the court Hamilton received 95 votes and McNabb received 69 votes. The court held that none of the other ballots in that precinct could be sufficiently identified and refused to count them. In the other thirty-six precincts 9528 ballots were counted for Hamilton. Adding to that number the 95 votes he received in the thirty-third precinct his total vote was 9623. There were 9595 ballots counted for McNabb in the other thirty-six precincts, and with the 69 votes counted for him in the thirty-third precinct his total vote was 9664. Upon this count the court declared McNabb elected in place of Hamilton.

Appellant contends that the ballots which the court held were illegally cast should have been apportioned between Hamilton and McNabb under the rule in *Choisser* v. *York,* 211 Ill. 56, *Humphrey* v. *Perry,* 310 id. 373, and

*Flowers* v. *Kellar*, 322 id. 265, and deducted in the proportion the vote of each bore to the whole number of votes cast. There is some uncertainty as to the exact number of ballots initialed by Mrs. Dow and as to the number illegally initialed by Mrs. Radke, but the trial court, after hearing all of the evidence, treated the number of illegal ballots as 300, and the best approximation deducible from the testimony is that Mrs. Dow properly initialed 325 ballots. That number should have been counted but the court counted only 195.

It is true that the court could not pick out the precise 130 ballots which had been properly initialed and cast, but that number of electors had participated in the election and had cast ballots in compliance with the law. The action of the court in counting only 195 of the 325 ballots had the effect of rejecting 130 votes lawfully cast. It is as important that the 130 votes be counted as it is that the 195 ballots be counted. When ballots legally cast cannot be definitely and singly identified as cast for one candidate or the other they should be apportioned between the candidates in the ratio the vote of each bore to the whole number of legal votes cast. After deducting from the 633 votes the 17 votes which were rejected because they were defective there remained 616 votes. There was no difficulty in counting the 195 ballots, but the remainder of the 325 ballots, or 130 ballots, were intermingled with 291 illegal ballots and it is impossible to tell for whom they had been cast. Therefore, under the rule laid down in *Flowers* v. *Kellar, supra,* the 130 ballots should be divided between the candidates in proportion to the number of votes each received from the ballots legally cast—that is to say, Hamilton having received 95 of the 195 votes is entitled to 95/195ths of 130 votes, or 63⅓ votes. McNabb is entitled to 69/195ths of 130 votes, or 46 votes.

A resume of the votes received by Hamilton and McNabb is as follows:

For Hamilton—
```
    In thirty-six precincts.............................9528
    Counted by the court in thirty-third precinct.......... 95
    Counted by apportioning the 130 votes...............  63 1/3
        Total for Hamilton...........................9686 1/3
```

For McNabb—
```
    In thirty-six precincts.............................9595
    Counted by the court in thirty-third precinct.......... 69
    Counted by apportioning the 130 votes...............  46
        Total for McNabb...........................9710
        Total for Hamilton...........................9686 1/3
            Majority for McNabb.....................  23 2/3
```

No apportionment of ballots initialed by Mrs. Radke can be permitted in this case, because doing it would be equivalent to counting ballots which are illegal and which ought not to have been deposited in the ballot-box. The result of the election in the thirty-third precinct should be determined as though only 325 ballots had been cast. Of them, 195 were identified sufficiently to be counted for the candidates entitled to receive them, but because it is impossible to segregate the remaining legal ballots from the illegal ballots the 130 legal ballots so intermingled must be apportioned. The effect of apportioning these votes between the candidates in this manner accomplishes the same result as apportioning the illegal votes and deducting them from the numbers shown by the canvassing board. The problem of this court is not to deduct illegal votes but to add votes which had been lawfully cast but were rejected by the trial court.

A number of specific objections are made to certain individual ballots by both appellant and appellee, and we have carefully considered them, but a determination of them would not change the result. The final conclusion of the trial court in declaring McNabb elected in place of Hamilton was correct.

The decree is affirmed.                    *Decree affirmed.*