(No. 23540.—

CHARLES RHYAN, Appellee, *vs.* OMER JOHNSON, Appellant.

*Opinion filed June 17, 1936.*

ALLEN, DALBEY & FOREMAN, and VANSELLAR & Mc-CLAIN, (JOHN T. ALLEN, of counsel,) for appellant.

COTTON & NICHOLS, for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

At the election on April 2, 1935, Omer Johnson, appellant, and Charles Rhyan, appellee, were candidates for commissioner of highways of. Shiloh township, Edgar county. Johnson had held the office the previous four years, and the canvass showed he was re-elected by a vote of 212 to 210. Rhyan filed a contest suit in the county court of Edgar county. The trial court found that each of the parties received the same number of legal votes and ordered that the result of the election be determined by the flip of a coin. Johnson lost, and has appealed.

The first point to be determined is the correctness of the trial court's ruling as to how the vote of Homer Epperson should be deducted. Both sides conceded that the ballot was illegal and should not be counted because Epperson voted outside the booth, contrary to the statute. (Ill. State Bar Stat. 1935, chap. 46, par. 226; 46 S. H. A. 312.) The court overruled an objection to the question as to whom Epperson voted for, and he reluctantly stated that he voted for Rhyan.

Appellee's witness Tucker, the Republican judge of election, testified that he saw Epperson mark his ballot for Johnson. It was also shown that Epperson had sold gasoline to Johnson for use in road work, and he testified at one time that he sold him oil and another time that he had not sold oil to Johnson. Johnson was shown to have bought gasoline from other persons besides Epperson. Epperson made no claim of personal privilege when he was asked how he voted.

In passing on the case the trial court discussed the evidence as to Epperson's vote. He stated that he could not make up his mind for which of the two candidates Epperson voted, and held that a half vote should be deducted from the total number of legal votes cast for each of the two candidates.

The court did not err in overruling the objection to the question as to whom Epperson voted for, since this question was asked after Epperson had admitted that he voted and that he did so by marking his ballot outside the booth and in the presence of others. *Stevenson* v. *Baker*, 347 Ill. 304, 319; *Buckingham* v. *Angell*, 238 id. 564, 566; *Eggers* v. *Fox*, 177 id. 185, 189.

Appellant contends that the conflicting evidence as to how Epperson voted presented a material question of fact, which it was the duty of the court to determine. Appellant's counsel had conceded that the votes of two other persons who had marked their ballots outside a booth and who

were shown to have been affiliated with his political party should be deducted from his total vote. This left each candidate with 210 votes. The ruling on Epperson's vote was, therefore, not only material but decisive of the contest.

We have found no Illinois decisions squarely in point and none are cited, but in *DeCoss* v. *Turner*, 15 Fed. (2d) 258, a suit for damages on account of personal injuries, which was also tried without a jury, three witnesses testified that the accident occurred in one way and one witness testified that it occurred in another. The trial court said that the evidence was so evenly balanced that he was unable to determine the point. The Circuit Court of Appeals said: "The district judge was called upon to decide where the truth was in this controversy. He had the advantage of seeing the witnesses and hearing them testify, and thus he had full opportunity of reaching a determination on the issue of fact presented. Such is the daily task of a trial judge where issues of fact are presented. It will not do to escape the responsibility by a mere statement that the mind of the trier of facts is confused or unsettled as to the controversy. Either the libellant made out his claim or failed to do so, and a firm decision on this issue of facts should have been rendered." (See, also, *Bentley* v. *Kasiska*, 288 Pac. (Ida.) 897; *Huntington* v. *Vavra*, 36 Cal. 352, 172 Pac. 166; *City of Emporia* v. *Humphrey*, 297 Pac. (Kan.) 712.) It was therefore the duty of the trial judge to determine from the evidence for which of the two candidates Epperson voted and to deduct that vote from the one rather than to deduct a half vote from each.

The rule deducible from *McNabb* v. *Hamilton*, 349 Ill. 209, *Flowers* v. *Kellar*, 322 id. 265, and *Choisser* v. *York*, 211 id. 56, relied upon by appellee, is, that illegal votes shall be deducted proportionately in an election contest when there is no showing for whom such votes were cast. Where there is such a showing these votes must be deducted from the total of the candidate for whom they were cast.

38

This court cannot substitute itself for the trial court and pass upon and determine a material issue of fact which that court either failed or refused to decide. The trial court erred in failing to decide for whom Homer Epperson voted and in overruling appellant's motion for rehearing, which included this point.

The judgment of the county court of Edgar county is reversed and the cause is remanded to that court for a new trial.

*Reversed and remanded.*