No. 2553

## DAY *v.* CLOKE

May 21, 1923.                              215 Pac. 386.

1. MASTER AND SERVANT—INJURED EMPLOYEE BRINGING COMMON-
LAW ACTION NEED NOT NEGATIVE RECOVERY UNDER COMPENSA-
TION ACT.

   In a common-law action by an employee for injuries it is
   not necessary that complaint state that plaintiff has not
   recovered benefits under compensation act of March 15, 1913,
   but, if he has received such benefits, this is matter of defense
   which cannot be raised by a general demurrer.

2. TRIAL — COURT'S FINDINGS SHOULD NOT INCORPORATE FACTS
DECIDED IN OPINION.

   It is improper practice for the trial court in its formal
   findings of fact to refer to its written opinion and make it
   a part of the findings to the extent that the opinion passes
   upon the facts.

3. MASTER AND SERVANT—FINDINGS AS TO NEGLIGENCE HELD CON-
TRADICTORY NOT SUPPORTING JUDGMENT.

   In an action by an employee injured in jumping to escape
   a falling wagon, whereby he came in contact with a projection
   on a tool press, the court found that the projection was due to

the employer's negligence, and also found that the employer was without fault. *Held,* that the findings were contradictory and insufficient to support the judgment for damages.

4. DEPOSITIONS—UNCERTAINTY AS TO PERSON TAKING DEPOSITION IMMATERIAL WHERE BOTH PERSONS AUTHORIZED.

Where, from the certificate or statement in the record, it was uncertain whether deposition was taken under the supervision of the named commissioner or by the notary named without the presence of such commissioner, such uncertainty did not render the deposition inadmissible, if both the persons named were officers empowered by civil practice act, sec. 513, to take depositions.

5. APPEAL AND ERROR—OBJECTION THAT COMMISSIONER NAMED TO TAKE DEPOSITION WAS NOT AUTHORIZED TO ACT COULD NOT BE FIRST RAISED ON APPEAL.

The contention, first made on appeal, that a deposition was inadmissible because the commissioner named was not an officer empowered by civil practice act, sec. 513, to take a deposition, must be disregarded.

6. DEPOSITIONS — PRELIMINARY PROOF OF ABSENCE OF WITNESS NECESSARY.

Where there was nothing before the court to show that a witness, whose deposition was taken by reason of his absence from the county, was not within the county where the action was being tried, an objection was properly taken to the introduction of the deposition because of lack of proper foundation, in view of civil practice act, sec. 514.

APPEAL from Fifth Judicial District Court, Nye County; *Mark R. Averill,* Judge.

Action by John J. Day against Jack Cloke. From judgment for plaintiff, and order overruling motion for new trial, defendant appeals. **Judgment and order reversed. Motion to modify judgment denied.**

*Ryland G. Taylor* and *Frank T. Dunn,* for Appellant:

Plaintiff must show he has not recovered benefits under compensation act to entitle him to common-law remedy. 3 Rev. Laws, 3125.

Where employer is not subscriber to industrial insurance act, the only question is defendant's negligence and amount of compensation due. Henshaw v. R. R. Co., 111 N. E. 172.

The abolition of doctrine of assumption of risk does not impose liability on employer in absence of negligence. Ann. Cas. 1918B, 228; Pope v. Hayward, 108 N. E. 1058.

Deposition is inadmissible where commission was directed to another than person who acted as commissioner. Rev. Laws, 5455, 5459, 5456. Before deposition is admissible, it must be shown witness is without county, or cannot be brought into court. Rev. Laws, supra.

Where complaint alleges injury to ribs and lungs, a finding that injury was to vertebræ is fatal variance. Rev. Laws, 5080.

It is error to base judgment on finding that "at the time of the accident, probably a piece of 2x4 was thus in use and projecting." A judgment cannot be based on a guess. Richards v. Vermilyea, 42 Nev. 294.

*A. M. Hardy* and *Harry Dunseath,* for Respondent:

Plaintiff has conclusively shown that there was a projecting timber within few inches of drill press, with which plaintiff collided when he jumped to escape falling wagon, and that if said projecting timber had not been there, there would have been room enough between the wagon and drill press for plaintiff to jump out of danger; that this projecting timber made place unsafe, and that defendant was negligent in allowing timber to project further than was necessary to sustain shelf.

Defendant has chosen to reject provisions of compensation act, and failed to post notices of rejection upon premises. Stats. 1917, pp. 436, 437, 438.

By the Court, DUCKER, C. J.:

The respondent, who was plaintiff in the court below, brought this action to recover $10,000 damages for injuries alleged to have been sustained by him while in the employ of appellant in his blacksmith shop in Tonopah, Nye County, Nevada. It is alleged in the complaint that on the 3d day of December, 1919, plaintiff was in the employ of said Jack Cloke as a blacksmith, and, while working on the repair of a wagon, and due to the negligence of said defendant, the said wagon slipped from its holdings; that plaintiff, while jumping to escape being crushed by the falling wagon, was struck in the right breast by a projecting timber, his rib broken, lung punctured, and was badly bruised, and ever

since has been, and now is, totally and permanently injured and disabled therefrom, and has suffered and now suffers from total disability; that all of said injuries complained of came through no fault or negligence on the part of plaintiff, but solely by reason of the negligence and carelessness of defendant. It is also alleged that Cloke, at the time of said injuries, had not elected to provide, secure, and pay compensation to his employees for injuries sustained arising out of and in the course of employment, according to the provisions of an act in such cases made and provided, and was not at the time of said accident and injuries aforesaid operating under any or all of the provisions of said act, and subject to the same, and had not contracted to provide, secure, and pay compensation in the matter and by the said act provided for all personal injuries sustained arising out of and in the course of employment, and had never given notice of an election to reject the terms of the said act.

A general demurrer to the complaint was overruled by the court, and defendant answered, denying the allegations thereof. On the issues made the cause proceeded to trial before the court without a jury, which resulted in a judgment in favor of respondent for $5,000. A motion for a new trial was denied. From the judgment and order overruling the motion for a new trial this appeal is taken.

1. A number of errors are assigned by appellant, the first of which is directed to the order overruling the demurrer to the complaint. It is contended that the complaint does not state facts sufficient to constitute a cause of action, in that it is not alleged therein that respondent has not recovered his benefits under an act of the legislature of this state relating to the compensation of injured workmen in the industries of this state, etc., approved March 15, 1913 (Stats. 1913, c. 111); that such an allegation is an essential prerequisite to his recovery in a common-law action. The contention is without merit. The respondent has resorted to his common-law remedy for damages for personal injuries. If he has received benefits for the injuries complained

of under the provisions of the statute, this would be a defense to the action which cannot be raised by a general demurrer. An allegation that he has not received such benefits is unnecessary.

2. It is assigned as error that the judgment is against the law, against the findings, and against the evidence. The findings are in part uncertain and inconsistent, and on the whole insufficient to support the judgment. The unsatisfactory state of the findings arises from the fact that the trial court in its formal findings of fact has referred to its written opinion, and made it a part of the findings to the extent in which the opinion passes upon the facts. This is a practice which should not be indulged in, and which received the criticism of this court in a recent opinion, Crumley v. Fabbi, 47 Nev. 14. We again venture to hope that it will be discontinued.

3. Among the formal findings of fact is one to the effect that on the 3d day of December, 1919, and while the relationship of employer existed, and while in the course of his employment, plaintiff was working on the repair of a wagon, and, due to the negligence of said defendant, the said wagon slipped from its holdings, and this plaintiff, while jumping to escape the falling wagon, was struck in the right breast by some projection on a tool press, breaking a rib, puncturing his lung, and severely injuring his back, causing a total disability. The first part of this finding is inconsistent with the finding in the written opinion wherein the court says:

"I have little doubt that the fall of the wagon was wholly the fault of Day, as he was the only one who touched it after it was run into the shop."

The evidence discloses that the falling of the wagon was not due to the negligence of the appellant. He was not present when the wagon was placed in the position from which it fell, or when the accident occurred. In fact, the falling of the wagon was due entirely to the acts of respondent, and so admitted by him in his testimony. The inconsistency of the findings, however, does not affect the judgment, as there is no evidence tending to show, nor does the respondent claim, that he was

injured by the falling wagon, and this appears to be due entirely to his own negligence. He claims to have been injured in jumping to escape the falling wagon, whereby he came in contact with a projection. which constituted negligence on the part of appellant. This is a vital point in the case, and, in regard to it, the findings are inconsistent, and cannot support the judgment. It is found in the latter part of the formal findings heretofore set out that Day, in jumping to escape the falling wagon, was struck in the right breast by some projection on a tool press, breaking a rib, puncturing his lung, and severely injuring his back, causing a total disability. In the written opinion which the court makes a part of its findings, where the opinion passes on the facts, it is found that the projection constituted negligence on the part of appellant, but the finding as a whole is contradicted by another finding in the opinion which reads as follows:

"To hold the defendant, Cloke, liable under the facts of this case may seem unjust, he being without fault himself, and the fault, if any, Day's."

The appellant cannot be held liable in the absence of any negligence attributable to him, and we are unable to reconcile the contradictory findings as presenting a merely formal or nonessential difference. One part would support the judgment, and the other part would necessarily fail in this respect. Whether the projection by which respondent claims to have been injured was due to the negligence of appellant was one of the material issues in the case, and contradictory findings upon such an issue will not support the judgment. Authors v. Bryant, 22 Nev. 242, 38 Pac. 439.

4. Error is assigned to the ruling of the court in admitting in evidence the deposition of one W. O. Grieves over the objection of the appellant. One of the grounds of the objection is that the deposition was not taken before the person to whom the commission issued. The commission was directed to A. S. Henderson at Las Vegas, Nevada, and it is insisted that the deposition was taken before one Albert A. Hinman. The contention is

based on the following certificate or statement which appears in the record:

"Examination taken, reduced to writing, and by the witness subscribed and sworn to this 10th day of December, 1921, before Albert A. Hinman, Notary Public. [Signed] A. S. Henderson, Commissioner."

It must be granted that the foregoing statement leaves it somewhat uncertain as to whether the deposition was taken under the supervision of the commissioner or by the notary mentioned, without the presence of the commissioner named. But, as we view the statute providing the procedure for taking the testimony of a witness within the state by deposition, the uncertainty as to who took it in this case will not render the deposition inadmissible, providing both of the persons mentioned were officers empowered by the statute to take depositions of witnesses within the state. In this regard the statute in part reads:

"Either party may have the deposition of a witness * * * taken before any judge or clerk of a court, or any justice of the peace or notary public in this state, on serving upon the adverse party previous notice of the time and place of examination, together with a copy of an affidavit showing that the case is one mentioned in the last section. * * * " Section 513, Civ. Prac. Act (Rev. Laws, 5455).

5. It is not contended that Hinman was not one of the officers mentioned in the statute, but it is insisted that there is nothing in the record to show that Henderson was a judge, clerk of the court, justice of the peace, or a notary public. This contention must be disregarded, for the reason that an examination of the record reveals that no objection was made against the admission of the deposition on the ground that the commissioner named was not an officer empowered by the statute to take a deposition. Under the statute quoted above, the notice need not contain the name of the officer designated to take the deposition, but only the time and place thereof. This provision of our code was borrowed from California, and in passing on the

statute in an early decision the supreme court of that state held to the effect that an officer mentioned in the statute might be substituted for the one designated to take the deposition. In that case the objection was objected to on the ground that it was taken before the county clerk, and not the county judge, as specified in the notice to the defendant. The court said:

"The first objection we think untenable. The statute does not require that the notice should specify the officer before whom the deposition is to be taken, and public convenience would seem to demand that in the sickness or absence of the officer designated, any other empowered by law might be substituted. Notice of the time and place having been given, it would certainly be a matter of small importance who should take the deposition, particularly in view of the inconvenience and delay which would result from a different rule." Williams v. Chadbourne, 6 Cal. 559.

We entertained a similar view, and therefore consider it immaterial whether the deposition in question was taken before Hinman or Henderson, to whom the commission was issued. It was admissible if taken by either. There is no contention that appellant was misled either as to the time or place at which the deposition was taken.

6. A further objection was taken to its introduction in evidence on the ground that no proper foundation was laid in that there was nothing before the court to show that the witness Grieves was not within the county where the action was being tried. We think this objection was well taken. A portion of section 514 of the civil practice act (Rev. Laws, 5456) provides as follows:

"If the deposition be taken by reason of the absence or intended absence from the county of the witness, or because he is too infirm to attend, proof by affidavit or oral testimony shall be made at the trial that the witness continues absent or infirm, to the best of deponent's knowledge or belief."

It is clear that the witness Grieves comes within the first class of witnesses mentioned in the statute. The

objection having been taken in the court below, the preliminary proof required by the statute should have been made. Lockhart v. Mackie, 2 Nev. 294.

We do not deem it necessary to pass upon the other errors assigned by appellant.

The judgment and order denying the motion for a new trial are reversed.

ON MOTION FOR MODIFICATION OF JUDGMENT
July 12, 1923.

*Per Curiam:*
Motion denied.