**ROCKY MOUNTAIN FIRE & CASUAL-TY COMPANY, a Washington corporation, Plaintiff-Appellant,**

v.

**DAIRYLAND INSURANCE COMPANY, a Wisconsin corporation, Defendant-Appellee.**

No. 71–1836.

United States Court of Appeals, Ninth Circuit.

Dec. 7, 1971.

Rehearing Denied Jan. 18, 1972.

Robert A. Guyer, of Burch, Cracchiolo, Levie, Guyer & Weyl, Phoenix, Ariz., for plaintiff-appellant.

M. B. Moseley, of Andrews, Marenda & Moseley, P.A., Phoenix, Ariz., for defendant-appellee.

Before MERRILL, BROWNING, and CHOY, Circuit Judges.

PER CURIAM:

Rocky Mountain Fire & Casualty Company appeals from the district court's dismissal of its diversity action against Dairyland Insurance Company. The district court determined that Rocky Mountain had failed to state a claim recognized by Arizona law. We affirm.

Hugh Tillery wrecked an automobile owned by Buck Cook. An injured passenger sued Tillery. Dairyland had insured the automobile, and was the primary carrier. Rocky Mountain had issued a policy to Tillery, and was liable for damages in excess of the ten thousand dollar limits of Cook's policy.

After a jury gave the injured passenger a $12,500 verdict, Dairyland moved for a new trial. The plaintiff offered to settle for $12,000. Rocky Mountain agreed to contribute $2,000 toward the $12,000 sum, but Dairyland refused to settle. The second trial ended with a jury award of $21,500. Dairyland paid to its $10,000 limit; Rocky Mountain paid the remaining $11,500.

Rocky Mountain then commenced this action against Dairyland, seeking damages on the theories that (1) Dairyland owed a duty of good faith to the excess insurer and breached that duty by refusing to offer to pay its policy limits in settlement, and (2) Rocky Mountain, as subrogee of Tillery's rights, can recover for Dairyland's alleged breach of its duty to Tillery to negotiate in good faith.

The opinion of the Arizona Supreme Court in Universal Underwriters Insurance Co. v. Dairyland Mutual Insurance Co., 102 Ariz. 518, 433 P.2d 966 (1968), fairly read, rejects both contentions. A federal court exercising diversity jurisdiction is bound to follow the considered dicta as well as the hold-

ings of state court decisions. United States Fidelity & Guaranty Co. v. Anderson Construction Co., 260 F.2d 172, 176 (9th Cir. 1958).

Affirmed.