CHARLOTTE SHERBURNE, APPELLANT, v. GARY O. MILLER; BETTY A. MILLER; DOES I–V; ROE COR-PORATIONS I–V, RESPONDENTS.

No. 9872

August 29, 1978                                   583 P.2d 1090

*Crockett & Rickdall,* Las Vegas, for Appellant.

*John P. Fadgen,* Las Vegas, for Respondents.

## OPINION

By the Court, MANOUKIAN, J.:

Appellant brought suit in the lower court for the wrongful death of her husband Jay Sherburne. It is conceded by the parties that under the definitions embodied in the Nevada Industrial Insurance Act, NRS Chapter 616, Mr. Sherburne was an "employee" and respondents Gary and Betty Miller were his "employers." It is further conceded that respondent had secured no industrial insurance coverage for their employees as required under the Act.

On July 5, 1975, while dismantling a metal building with respondents, Jay Sherburne was injured as part of the structure collapsed upon him. He died the next day, and it is conceded that his death was proximately caused by the accident. Evidence was introduced that respondents engaged in the dismantling of buildings as a part-time activity and had no noteworthy training, skill, or expertise in this field other than having dismantled buildings with the decedent on prior occasions. There was testimony that the building which collapsed on the decedent was the only building of its type ever dismantled by respondents and decedent, as well as the largest, although there was no variance from the procedures used previously.

Because workman's compensation benefits were unavailable, appellant commenced this action pursuant to NRS 616.375 pertaining to employers not participating in the industrial insurance program. That statute contains a rebuttable presumption that the occurring accident was attributable to employer negligence.

Appellant during her case-in-chief relied on the statutory presumption of negligence to establish liability. Respondents introduced facts allegedly indicating the absence of negligence. Subsequently, at the conclusion of trial, the district court sitting without a jury made findings of fact and conclusions of law that respondents had successfully rebutted the presumption of negligence. Judgment was entered accordingly, and appellant appeals therefrom.

The issue before us is whether respondents met their burden of proof to demonstrate absence of negligence.

Appellant based this action upon NRS 616.375, which provides in part that:

1. If any employer within the provisions of NRS 616.285 fails to provide and secure compensation under this chapter, *any injured employee or his dependents may bring an action at law against such employer for damages as if this chapter did not apply.*

. . .

3. In such action as in this section provided, the employer shall not escape liability for personal injury or accident sustained by an employee of such employer, when the injury sustained arises out of and in the course of the employment, because:

(a) The employee assumed the risks: (1) Inherent or incidental to, or arising out of his employment; (2) Arising from the failure of the employer to provide and maintain a reasonably safe place to work; or (3) Arising from the failure of the employer to furnish reasonably safe tools or appliances. (b) The employer exercised reasonable care in selecting reasonably competent employees in the business. (c) The injury was caused by the negligence of a co-employee. (d) The employee was negligent, unless it appears that such negligence was willful and with the intent to cause injury or the injured party was intoxicated.

*In such cases it shall be presumed that the injury to the employee was the result of the negligence of the employer and that such negligence was the proximate cause of the injury. In such case the burden of the proof rests upon the employer to rebut the presumption of negligence.* (Emphasis added.)

This statute effectively shifts the burden of proof to the employer who is presumed negligent unless and until the presumption is sufficiently rebutted. Appellant claims the trial court misinterpreted this provision shifting the burden back to

the appellant by stating that "[t]he facts simply do not support any findings of negligence on the part of the defendants." In the abstract, such statement is ambivalent and merely the converse of the finding of an "absence of negligence." It is a permissible conclusion of law in this type of case provided it is reached through the defendant's burden to show such absence. If it is arrived at by failure of the plaintiff to prove negligence, it is a patent misapplication of the burden of proof and in violation of the statute. The issue to be resolved is whether this conclusion of an absence of negligence was determined in a proper manner. If it was not and the trial court seriously misapprehended which party bore the burden of proof, its findings may be disturbed on appeal. Fulton National Bank v. Tate, 363 F.2d 562 (5th Cir. 1966).

Although an employer rejecting the Industrial Insurance Act cannot be held liable when there is a complete absence of negligence on his part, he nevertheless carries the burden to prove due care and rebut the statutory presumption of negligence and proximate cause. Richard Matthews, Jr., Inc. v. Vaughn, 91 Nev. 583, 540 P.2d 1062 (1975). Here, the presumptions of negligence and proximate cause themselves, absent rebuttal, satisfied the plaintiffs' otherwise evidentiary responsibility. *See,* Reeder v. Pincolini, 59 Nev. 396, 94 P.2d 1097 (1939); Buhler v. Maddison, 176 P.2d 118 (Utah 1947). At trial, respondents had not sufficiently rebutted the presumption of negligence to be entitled to judgment. As evidenced in the lower court, respondents were not engaged in the dismantling of buildings as a full-time occupation; the building which collapsed and killed decedent was the only steel building dismantled by respondents and was also the largest. Respondents testified that they had followed their usual procedure and that decedent had given them advice on how best to proceed. Such evidence is unresponsive to rebut the presumption of negligence. The trial judge in his memorandum of decision stated that there was no evidence whatsoever that "any procedure employed is not consistent with usual practices in the disassembly of such structures." Notwithstanding the remarks of the trial court, however, these usual procedures were never shown to be customary operating practices employed by individuals engaged in the occupation of dismantling buildings. Indeed the only mention of a standard of care was ineffectively supplied by the trial judge who commented at the end of the trial that he was inclined to find an absence of negligence based "somewhat on my personal experience in my own prior employment before I became an attorney. And since that time,

and having some experience in buying and selling a large number of houses and in the manner in which they were moved, I may have difficulty in finding negligence in the dismantling of this building in the manner you mentioned it was done.'' The explanation contemplated by our Legislature is not to be a matter of the subjective judgment of the trial court but must be supported by whatever evidence is before the court. Thus, the standard of care owed by respondents was never supplied and consequently the court was without any basis by which to determine the complete absence of negligence. *See,* 57 Am.Jur.2d, *Negligence,* § 66–81. Moreover, respondents cannot rely on decedent's claimed misjudgments to overcome the presumption of negligence. Such defense is expressly denied the employer who elects to proceed without the coverage of industrial insurance. NRS 616.375. Consequently, respondents did not carry their burden to rebut the statutory presumption of negligence. To hold otherwise would make the presumptions contained in NRS 616.375 a nullity.

The judgment of the lower court is reversed and the trial court is directed to enter judgment in favor of appellant, plaintiff below, on the issue of liability alone. The question of damages should be determined by the trial court on the basis of the evidence already adduced at trial in accordance with the standard principles governing awards in cases of wrongful death. NRS 41.090(2).

Reversed and remanded with instructions.

MOWBRAY and THOMPSON, JJ., concur.

BATJER, C. J., dissenting, with whom GUNDERSON, J., concurs:

I respectfully dissent from the result announced by the majority. The trial judge found, and it is not disputed, that appellant entered the case with the rebuttable presumption that respondents were negligent; that such negligence was the proximate cause of the fatal injury to appellant's husband, Jay Sherburne; and, that it was respondents' burden to rebut the statutory presumption of their negligence. NRS 616.375; Richard Matthews, Jr., Inc. v. Vaughn, 91 Nev. 583, 540 P.2d 1062 (1975); Cahow v. Michelas, 62 Nev. 295, 149 P.2d 233 (1944).

At the conclusion of a trial before the court, the district judge concluded respondents had effectively rebutted the presumption of their negligence by a preponderance of the evidence and, accordingly, rendered judgment in their favor. This determination lies exclusively within the province of the trier of fact and, if supported by the evidence, should not be disturbed on appeal. *See* Richard Matthews, Jr., Inc. v. Vaughn, *supra;* Cahow v. Michelas, *supra.*

In determining whether respondents had rebutted the statutory presumption of their negligence, i.e., that they were not negligent, the trial court was bound to measure respondents' conduct against the general standard of care that a reasonable, prudent person would exercise under the same circumstances. *See* Driscoll v. Erreguible, 87 Nev. 97, 482 P.2d 291 (1971); Heimer v. Salisbury, 142 A. 749 (Conn. 1928); *cf.* Richard Matthews, Jr., Inc. v. Vaughn, *supra.* That standard required that respondents' conduct conform to the conduct of an ordinary, but not an extraordinary, prudent person, Driscoll v. Erreguible, *supra,* and, in this case, required that respondents exercise due care. "Due care" does not require constant, everlasting vigilance; but instead, requires only such care as a person of ordinary prudence would exercise under the circumstances. Missouri Pac. R. Co. v. Huffman, 108 S.W.2d 479 (Ark. 1937). Whether "due care" has been exercised in any given situation is a matter to be determined by the trier of fact, Berbohn v. Pinkerton, 255 P.2d 260 (Okla. 1953); Film v. Downing & Perkins, 66 A.2d 613 (Conn. 1949), and that determination should not be disturbed if it is supported by the evidence.

Although the evidence adduced at trial is rather meager, it must be viewed in a light most favorable to respondents. *See* Novack v. Hoppin, 77 Nev. 33, 359 P.2d 390 (1961). The record indicates that Jay Sherburne had considerable experience in dismantling and moving structures and that he had counseled and advised respondents concerning the method and procedure for dismantling the steel building here involved. The record further unequivocally indicates that, at the time of the collapse of the wall which fatally injured Jay Sherburne, the wall, as well as the purlins which connected the trusses, was completely and firmly affixed to the foundation of the building by steel-anchored bolts imbedded in the concrete. There is nothing in the record to indicate that either Jay Sherburne, with his experience in dismantling and moving buildings, or the respondents, had any reason to suspect that the steel-anchored bolts would be ripped from the foundation and the wall would fall.

Upon this record, the district judge, reasoning from his knowledge and experience in light of the testimony, concluded that respondents had exercised sufficient due care to overcome the presumption of negligence. *Cf.* Raymond v. Portland R. Co., 62 A. 602 (Me. 1905) (holding that where due care is exercised, there can be no negligence). In my view, this conclusion is supported by the evidence and should not be disturbed.

The majority seems to find error in the fact that the trial judge called upon his past personal experience in dismantling

and moving structures to reach his conclusion that respondents had successfully rebutted the presumption of negligence. However, the basis upon which any trier of fact determines whether an accident would not have ordinarily happened in the absence of negligence is that of common knowledge and experience. Brizendine v. Nampa Meridian Irrigation District, 548 P.2d 80 (Idaho 1976).

I would affirm the judgment of the district court.