Matthew A. KENNEL, Plaintiff,

v.

CARSON CITY SCHOOL DISTRICT; Serapio and Maria Mendeguia, Husband and Wife; and Does I through X, Defendants.

No. CV-N-89-10-ECR.

United States District Court, District of Nevada.

May 22, 1990.

Richard F. Cornell, Reno, Nev., for plaintiff.

Ann Price McCarthy, Carson City, Nev., B. Alan McKissick, Reno, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

Before this Court is a Motion for Summary Judgment (# 14) filed by defendant Carson City School District on October 16, 1989. On January 11, 1989, plaintiff filed his Complaint against defendants pursuant to 28 U.S.C. § 1332. In his Complaint, plaintiff alleges that Carlos Mendeguia, the son of Serapio and Maria Mendeguia, battered plaintiff in a high school basketball game in 1987. Plaintiff claims in his first cause of action that this misconduct should be imputed to the parent-defendants. In his third cause of action [1], plaintiff claims that the referees at the game were negligent in not protecting plaintiff, and that this negligence should be imputed to the school district.

On or around June 23, 1989, the plaintiff and defendants Serapio and Maria Mendeguia entered into a stipulation for dismissal whereby plaintiff's action against the parent defendants would be dismissed with prejudice. This Court entered an Order for Dismissal with regard to plaintiff's action against Serapio and Maria Mendeguia on June 27, 1989.

On October 16, 1989, the Carson City School District (hereinafter "defendant") filed its Motion for Summary Judgment. Plaintiff filed his Opposition to defendant's Motion on December 1, 1989. On January 18, 1990, plaintiff filed a Supplemental Opposition to defendant's Motion. Since no Reply has been received by this Court, defendant's Motion is ripe for consideration.

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The parties moving for summary judgment have the burden of establishing that there is no genuine issue of material fact; once this burden is met the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–25, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Trial courts should act with caution in granting summary judgment and may deny summary judgment where there is reason to believe that the better course would be to proceed to trial. *Id.* at 255, 106 S.Ct. at 2513.

In this case, there do not appear to be any genuine disputes with regard to the material facts necessary to decide the Motion for Summary Judgment. Defendant argues that plaintiff's cause of action against defendant relies upon a *respondeat superior* theory of liability, and that such a

---

**1.** An examination of plaintiff's Complaint does not reveal a second cause of action.

theory is not possible in this case as a matter of law. Plaintiff argues that material issues of fact remain with regard to whether a principal-agent relationship exists, and whether an implied principal-agent relationship exists. Plaintiff, however, misconstrues the standard for summary judgment. In this case, even though there may be some facts which can be construed in favor of plaintiff, there are no disputed material facts with regard to the issue of *respondeat superior* which would prohibit this Court from rendering judgment as a matter of law. *See Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. at 2510.

■ Considering the evidence in this case, it does not appear that defendant should be held liable under a *respondeat superior* theory. In Nevada, the doctrine of *respondeat superior* is essentially premised upon the concept of control. *National Convenience Stores v. Fantauzzi,* 94 Nev. 655, 657, 584 P.2d 689 (1978). In other words, "the employer can be vicariously responsible only for the acts of his employees not someone else, and one way of establishing the employment relationship is to determine when the 'employee' is under the control of the 'employer.'" *Id.* This element of control requires that the employer "have control and direction not only of the employment to which the contract relates but also of all of its details and the method of performing the work...." 53 Am.Jur.2d *Master and Servant* § 2 (1970).

■ The undisputed material facts in this case demonstrate that the requisite control is lacking. It appears that the Nevada Interscholastic Activities Association (NIAA) exercised control over the referees at the high school basketball game. The NIAA provided the criteria for the endorsement of regional official associations in Nevada. Exhibit B to defendant's Motion for Summary Judgment. The NIAA selected the regional commissioner who oversaw the assignment of the referees; all other personnel decisions appear to have been reserved by the NIAA. *Id.* Finally, all approved officials had to be registered with the NIAA, and had to conduct themselves in accordance with the NIAA Handbook. *Id.*

Contrary to plaintiff's contentions, the defendant's supervision and control over the referees was tenuous at best. The schools are responsible for setting the officials' pay, and for paying the officials. The payment of wages, however, has been traditionally the least important factor in determining whether a *respondeat superior* relationship exists. 53 Am.Jur.2d *Master and Servant* § 2 (1970). Plaintiff places great reliance upon the fact that a school may request that an official not officiate an athletic event. Although this is some proof that a school or school district has some control over whether an individual may referee an event, this does not mean the school district has any control over the manner in which an individual referees an event. Furthermore, the fact that a principal may reinstate a player disqualified for unsportsmanlike conduct does not mean that the school has any control over the referees. Therefore, the undisputed material facts demonstrate that no master-servant relationship existed between the defendant Carson City School District and the referees, and thus, defendant can not be held liable under a theory of *respondeat superior.*

Plaintiff presents several other arguments as to why summary judgment should not be granted. This Court, however, finds these arguments to be without merit. First, plaintiff argues that since defendant is purportedly a member of an unincorporated association, defendant can be sued under Nevada law. This might be true if plaintiff were suing the unincorporated association (the NIAA) or if plaintiff had named *all* of the partners of the NIAA in its claim.[2] *Matthews v. Vaughn,* 91 Nev. 583, 589, 540 P.2d 1062 (1975). However, an examination of plaintiff's complaint reveals that plaintiff's claim is against the defendant under a theory of respondeat superior. As previously discussed, the undisputed material facts in

---

**2.** This is assuming that the NIAA operates as a conventional partnership. This Court, however, does not actually reach this question since plaintiff's argument fails on other grounds.

this case require that judgment be rendered for defendant on this claim.

█ Plaintiff also argues that a material issue of fact exists on the question of whether an apparent or implied agency relationship existed between the defendant and the referees.[3] Plaintiff apparently confuses apparent authority with an implied agency. " 'Apparent authority' arises when a principal holds his agent out as possessing certain authority or permits him to exercise or to represent himself as possessing such authority under circumstances that would estop the principal from denying its existence." *Nevada Nat'l Bank v. Gold Star Meat Co.*, 89 Nev. 427, 429, 514 P.2d 651 (1973). Apparent authority therefore deals with the scope of authority in a pre-existing principal-agent relationship. Plaintiff's perception of whether an implied agency existed is only relevant if a principal-agent relationship between the defendant and the referees existed. Since this Court has already concluded that no such relationship existed, plaintiff's argument that "apparent authority" existed is without merit.

█ Plaintiff's final argument is that defendant owed a nondelegable duty of care to plaintiff as a student participant in a school district sanctioned event. Plaintiff cites *Carabba v. Anacortes School District No. 103*, 72 Wash.2d 939, 435 P.2d 936 (1967), in support of his argument. Plaintiff's argument that school districts owe a non-delegable duty of care to students participating in athletic events apparently presents a novel question of law for Nevada. Generally, the task of this Court in a diversity case is to approximate state law as closely as possible. *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir.1980). Where the state's highest court has not decided the issue, the task of the federal court is to predict how the state high court would resolve it. *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir.1986). Well-considered dicta should not be ig-

nored. *Gee, supra,* at 861; *Rocky Mountain Fire and Casualty Co. v. Dairyland Ins. Co.*, 452 F.2d 603–04 (9th Cir.1971).

█ This Court does not believe that school districts in Nevada owe a non-delegable duty of care to students participating in athletic events. *Carabba*, cited by plaintiff, is unpersuasive. In *Carabba*, the plaintiff was injured in a wrestling match sponsored by the student body association when the referee failed to notice that an illegal hold was being placed upon plaintiff. The court in *Carabba* found that the school district could be held liable for the negligence of the referee since the matches were conducted "under the auspices" of the school district. *Carabba*, 435 P.2d at 947. The court also noted that the sponsorship of the wrestling matches by the student body association was irrelevant since this association was tightly controlled by the school district. *Id.* at n. 8.

Therefore, *Carabba* is distinguishable from the present case in that the school district in *Carabba* appeared to exert much more control over the referees, and also that the sponsorship of the matches by the student body association was merely nominal. *Id.* To the extent that *Carabba* rests on a different argument, that is, that the school district should be held liable since wrestling matches are part of the overall school experience (in that schools encourage student participation in these matches and provide coaches and facilities), this Court finds this argument to be unpersuasive. As previously noted, in Nevada, the doctrine of *respondeat superior* essentially rests upon the concept of control. Therefore, it should be irrelevant for the purposes of *respondeat superior* whether the athletic events are part of the school experience if the school district did not exercise the requisite control over the referees. If this control by the defendant over the referees did not exist, then defendant cannot be held liable under *respondeat superior*.[4]

---

**3.** The title of plaintiff's argument denotes an implied or apparent agency relationship between the defendant and the NIAA. In fact, plaintiff's argument focuses on an apparent re-

lationship between the referees and the defendant.

**4.** This does not leave plaintiff without some form of recourse. Plaintiff could have sued the

IT IS, THEREFORE, HEREBY OR-
DERED that defendant Carson City School
District's Motion for Summary Judgment
(# 14) is *GRANTED*. The Clerk shall enter
judgment accordingly.

NIAA under *respondeat superior*. Furthermore, plaintiff could have possibly sued defendant for negligence in not requesting that the referee not work the game. Plaintiff, however, cannot sue defendant solely under *respondeat superior*.